UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

MATHEA A. KELLEY                                                                    CASE NO. 11-51197
                                                                                             CHAPTER 13

DEBTOR

**MEMORANDUM OPINION AND ORDER**

These related matters are before the Court on: (a) Creditor Tidewater Finance Company, d/b/a Tidewater Motor Credit's ("Tidewater") Motion for Order Directing Nationwide to Pay Cash Collateral to Tidewater Finance ("Turnover Motion") [Doc 54]; (b) the Chapter 13 Trustee's Motion to Dismiss for Failure to Make Plan Payments ("Dismissal Motion") [Doc. 60]; (c) the Chapter 13 Trustee's Objection to the Claim of Tidewater Motor Credit ("Claim Objection") [Doc. 63]; and (d) the Debtor's Motion to Modify Confirmed Plan ("Plan Modification Motion") [Doc. 65].  For the reasons stated below, the Court shall GRANT, in part, the Turnover Motion and SUSTAIN the Claim Objection to the extent that Tidewater seeks payment in excess of its treatment under the confirmed plan, and shall CONTINUE the Dismissal Motion and Plan Modification Motion pending further action by the Debtor in conformity with this Memorandum Opinion and Order.

Facts & Procedural Background.

The facts relevant to the pending Motions are not in dispute.  On November 20, 2010, the Debtor entered into a Retail Installment Contract and Security Agreement with Mac Auto Team, LLC (the "Contract") for the purchase of a 2008 Chevrolet Equinox (the "Vehicle") for her personal use.  The amount financed was $13,031.50 at a 20.95% per annum interest rate.  The loan was payable in 48 monthly installments beginning on January 4, 2011.  The Contract granted the lender a security interest in the Vehicle and its proceeds.  On the same date, the Contract was

1

assigned to Tidewater [POC 3-1].

The Debtor filed her Chapter 13 Petition on April 25, 2011 (within 910 days of the Vehicle purchase). Debtor's confirmed plan ("Plan") [Doc. 2] provides for Tidewater's secured claim, collateralized by the Vehicle, to be paid in full at an interest rate of 4.25%. The Plan provides the following language regarding Tidewater's claim:

> 3. **Secured Claims Not Subject to Valuation Under § 506.** Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Secured Creditor | Collateral Description | Estimated Amount of Claim | Interest Rate* | Monthly Payment |
|---|---|---|---|---|
| **TIDEWATER** | 2008 CHEVROLET EQUINOX | $20,000 | 4.25 | PRO RATA |

> *If blank, the interest rate shall be the WSJ Prime Rate on the date of confirmation plus 2 percentage points.
>
> 4. **Lien Retention.** The holder of any allowed secured claim provided for by the plan shall retain a lien until the earlier of the payment of the debt in full or discharge.

Tidewater filed its proof of claim [POC 3-1] on May 13, 2011, in the amount of $12,549.00 plus interest. The Plan was confirmed on September 14, 2011 [Doc. 35].

The Vehicle was involved in an accident on May 20, 2012, and the insurer, Nationwide Insurance Company of America ("Nationwide"), declared the Vehicle a total loss [Doc. 42]. The insurance proceeds total $13,507.88 [POC 3-2]. Tidewater is identified as a lienholder on the insurance policy [Doc. 78, Exhibit B].

Following the accident, the Debtor filed a Motion seeking to receive the insurance proceeds and use same to purchase a new vehicle to be substituted as collateral for the Tidewater debt [Doc. 42]. Tidewater objected to that motion and characterized the dispute as a turnover action against Nationwide, argued that the relief requested was barred by the Plan, and

contended that the relief requested was an improper modification of the Plan.

On June 29, 2012, the Court entered an Order [Doc. 51] stating, *inter alia*,

> . . . The confirmed plan [Doc. 2] provides payment in full to Tidewater, and provides that Tidewater retains its lien until the payment of the debt in full. The Debtor is not seeking to modify the confirmed plan as the confirmed plan clearly provides that the property is subject to the lien of Tidewater; and Debtor is not seeking to increase or reduce payments under the plan, to extend or reduce the time for payments, or to alter the amount of distribution as contemplated by 11 U.S.C. § 1329.
>
> Property of the estate "vests" in the Debtor at confirmation, but the confirmed plan provides that the property is still subject to the lien of Tidewater, and that lien has now attached to the proceeds of the collateral (i.e. insurance proceeds) subject to Section 363 of the Bankruptcy Code.
>
> IT IS HEREBY ORDERED that a hearing on the use of cash collateral, including the issue of adequate protection, shall be held . . .

A hearing on the use of cash collateral was never held because Debtor withdrew her motion advising the Court, *inter alia*, that "the Debtor has received a vehicle purchased by a friend and given to the Debtor as a gift. The Debtor no longer requests the insurance proceeds to be substituted for a replacement vehicle." [Doc. 52, 53].

Thereafter, Tidewater filed the Turnover Motion seeking to be paid the entire amount of the insurance proceeds. Debtor objected [Doc. 56] arguing that Tidewater should only be paid its secured claim of $12,549.00 less any amounts already paid by the Trustee, plus accrued interest at the rate in the Plan. Debtor further requested that Nationwide be ordered to pay any insurance proceeds in excess of this amount to the Debtor. Consistent with this request, the Debtor amended her Schedules B and C [Doc. 57] to reflect the value of the "excess" insurance proceeds ($2,881.81), and to claim an exemption therein. On August 15, 2012, the Trustee filed the Dismissal Motion contending that the Debtor is three months delinquent in payment ($1,350.00) under the Plan.

On August 22, 2012, Tidewater amended its proof of claim to the amount of $13,507.88,

and now describing the collateral as "Proceeds from collateral for car loan" to which the Trustee objected, stating: "The amended claim adds post-petition charges that are not to be paid through the plan." [POC 3-2].

On August 30, 2012, Debtor filed the Plan Modification Motion seeking to change her monthly payments. The Plan Modification Motion states that the Debtor will increase her monthly payment by $200.00 to $303.00. The Trustee objects [Doc. 67] contending that the plan payment proposed is actually $147.00 lower than the current payment of $450.00. Tidewater also objects [Doc. 79] arguing that Debtor has not shown that her amended Plan is feasible.

A hearing on the pending motions was held on October 4, 2012, and the matters now stand submitted.

### Jurisdiction and Venue

This Court has jurisdiction over these matters pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), (E), (K) and (O). Venue is proper pursuant to 28 U.S.C. §1409.

### Analysis

Section 1325(a)(5)(B)(i) of the Bankruptcy Code sets forth the required treatment of a secured claim in a Chapter 13 plan:

> (a)(5) with respect to each allowed secured claim provided for by
> . . .
> 
> (B)(i) the plan provides that—
> 
> (I) the holder of such claim retain the lien securing such claim until the earlier of—
> 
> (aa) the payment of the underlying debt determined under nonbankruptcy law; or
> 
> (bb) discharge under section 1328; and
> 
> (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained

4

> by such holder to the extent recognized by applicable
> nonbankruptcy law; . . .

11 U.S.C. §1325(a)(5)(B).

The "hanging" paragraph of Section 1325(a) provides:

> For purposes of paragraph (5), section 506 shall not apply to a
> claim described in that paragraph if the creditor has a purchase
> money security interest securing the debt that is the subject of the
> claim, the debt was incurred within the 910-day period preceding
> the date of the filing of the petition, and the collateral for that debt
> consists of a motor vehicle (as defined in section 30102 of title 49)
> acquired for the personal use of the debtor, or if collateral for that
> debt consists of any other thing of value, if the debt was incurred
> during the 1-year period preceding that filing.

Tidewater argues that because the hanging paragraph makes section 506 inapplicable to its claim: (a) there is no date of valuation for its secured claim; (b) the value of its claim is thus governed by nonbankruptcy law; and (c) it is therefore entitled to any surplus insurance proceeds because the payment of its claim under nonbankruptcy law will occur earlier than discharge [Doc. 62].

However, Tidewater ignores the effect of the confirmed plan.  Section 1327(a) provides:

> The provisions of a confirmed plan bind the debtor and each creditor,
> whether or not the claim of such creditor is provided for by the plan, and
> whether or not such creditor has objected to, has accepted, or has rejected
> the plan.

11 U.S.C. §1327(a); In re Storey, 392 B.R. 266 (6th Cir. BAP 2008).  Here, while the Plan did not modify the claim of Tidewater based on the value of the vehicle, it did alter the interest rate to be paid on the claim from the contract rate of 20.95% to 4.25%.  Such alteration of interest rates on 910-claims is permissible. In re Taranto, 365 B.R. 85, 91 (6th Cir. BAP 2007) (holder of 910-claim entitled to Till prime-plus risk factor, rather than contract rate of interest).

This notwithstanding, Tidewater argues that it is entitled to any surplus insurance proceeds because the payment of its claim under nonbankruptcy law (i.e., at a 20.95% rate of

5

interest) will occur before the Debtor's discharge as required under section 1325(a)(5)(B)(i). Section 1325(a)(5)(B)(i), commonly referred to as a creditor's "lien retention" provision, does not alter the treatment of Tidewater's claim under the confirmed plan.

>   As the Trustee points out, Judge Lundin explains in his treatise on Chapter 13:
>
>> [20] This point raises the related issue whether there is anything about the new lien retention provision in § 1325(a)(5)(B)(i) that impacts the preexisting broad power to modify claims in § 1322(b)(2). Put another way, can the debtor confirm a plan that modifies other contract rights of an allowed secured claim holder even though the plan must retain that creditor's lien until discharge or payment of the underlying debt determined by nonbankruptcy law.
>>
>> [21] As a matter of ordinary statutory interpretation, there is no cross-reference in either § 1322(b)(2)—the power to modify—or § 1325(a)(5)(B)(i) to suggest that lien retention is a limitation on the power to modify. . . But there is no wholesale exception to the power to modify with respect to lien retention rights and there are many contract rights that are not lien rights.
>>
>> [22] When the debtor is eligible for a discharge, lienholders have argued with no success that BAPCPA allows liens to survive discharge to secure the payment of underlying debt determined under nonbankruptcy law notwithstanding the completion of payments under the plan. Chapter 13 debtors eligible for discharge do not have to pay contract interest rates and other contract charges to accomplish release of liens through the confirmed plan, but lien release must await discharge after BAPCPA when §1325(a)(5)(B)(i) applies.

Keith M. Lundin & William H. Brown, CHAPTER 13 BANKRUPTCY, 4TH EDITION, § 447.1 at ¶¶ 20-22, Sec. Rev. Feb. 9, 2011, www.Ch13online.com (footnotes omitted). The lien retention rights of section 1325(a)(5)(B)(i) do not impair the plan's modification of Tidewater's interest rate under the Plan and Tidewater is bound by the Debtor's confirmed Plan. The Plan provides that Tidewater be paid interest at 4.25%. That the value of its collateral may have increased does not entitle Tidewater to a higher interest rate than that provided in the confirmed plan; however, this is premised on the debtor's successful completion of her Plan payments. See e.g., In re Feher. 202 B.R. 966, 972 (Bankr. S.D. Ill. 1996), In re Perry, No. 09-04429-8-JRL, 2011 WL 5909065

6

(Bankr. E.D.N.C. Oct. 24, 2011).

Pursuant to its lien retention rights reviewed above, Tidewater retains its lien in the surplus insurance proceeds pending the Debtor's performance under the confirmed plan and entry of her discharge. As such, the Debtor may not use the surplus insurance proceeds unless she offers Tidewater adequate protection. See generally 11 U.S.C. §§1303, 363(b)(1) and (e). Here, there has been no offer of adequate protection; thus the surplus proceeds may not be used by the Debtor pending completion of the Plan and entry of discharge.

Finally, Tidewater also makes a curious argument that the Debtor has no standing to seek use of the surplus proceeds because she withdrew her Motion to Substitute Collateral [Doc. 62]. However, the Debtor retains an interest in the insurance proceeds as cash collateral, and has claimed the surplus proceeds exempt; thus the Debtor has standing. "An actual or threatened injury exists for purposes of determining whether standing exists when a party's pecuniary interest may be affected by the outcome of the requested adjudication." In re Mann, 2011 WL 766944 *2 (Bankr. M.D.N.C., Feb. 25, 2011) (citations omitted).

IT IS HEREBY ORDERED that: (1) Nationwide shall pay Tidewater the sum of $10,573.39[1] (calculated through October 31, 2012) plus interest calculated pursuant to the terms of the confirmed Plan from October 31, 2012 to the date of payment; and (2) Nationwide shall pay the remaining insurance proceeds to Debtor's counsel, Atkinson, Simms and Kermode ("Atkinson") to be held in escrow in Atkinson's trust account pending further orders of this Court.

IT IS FURTHER ORDERED that the Chapter 13 Trustee's Objection to the Claim of Tidewater [Doc. 63] is SUSTAINED to the extent that Tidewater seeks payment of funds in excess of those to be paid to Tidewater as set forth herein.

IT IS FURTHER ORDERED that the Dismissal Motion [Doc. 60] and the Plan

---

[1] The trustee has provided detailed calculations [Doc. 91].

Modification Motion [Doc. 65] are CONTINUED, and Debtor shall have 21 days from the date hereof within which to amend the Plan Modification Motion.

COPIES TO:

Ryan R. Atkinson, Esq.
James R. Sheeran, Esq.
Beverly M. Burden, Esq.

8

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Thursday, November 08, 2012
(tnw)**